McCOWN v. JONES.[*]

Where the vendee of land sued his vendee, for the use of his vendor, on a promissory note given for the purchase money at the second sale, and caused a third vendee of the same land to be made a party, with a prayer for the enforcement of the vendor's lien, and it appeared that the first vendor, after the sale by him, had pointed out the land to be levied on by execution against him, and that at the sale made in pursuance of said levy, the land was purchased by one whose title was also obtained by the third vendee, it was held that the vendor's lien could not be enforced, for the benefit of the first vendor.

Error from Harrison. Jones and wife brought suit, for the use of Ogle against Hart, upon a promissory note, made by Hart, payable to Mrs. Jones, for the purchase money of certain lots in the town of Marshall. The plaintiff in error, McCown,

[*] This case was decided at Tyler Term, 1853, and should have been reported in the 10th volume. REPS.

McCown v. Jones.

having purchased the lots, was made a party defendant. The petition alleges the reservation of a lien upon the lots, for their price, and seeks to enforce it specifically. McCown, as the purchaser of the lots, resisted the enforcing of the lien. There was judgment upon the note, against Hart; and the lots were ordered to be sold, for its satisfaction. McCown brought this writ of error, to reverse the judgment, enforcing the lien upon the lots.

It appears that the lots in question formerly belonged to Ogle, who conveyed them to Mrs. Jones.* On the 3d day of September, 1845, Jones and wife sold the lots to Mrs. Hart, who, jointly with her husband, gave the note sued on for the payment of the purchase money. Hart and wife subsequently sold the lots, and McCown ultimately became the purchaser.

In 1844, a judgment was recovered against Ogle, (the beneficiary plaintiff in this suit,) on which an execution was issued, and levied on the lots in question as his property. Ogle obtained an injunction, which was afterwards dissolved. A second injunction was obtained, which was also dissolved, and judgment rendered against Ogle and his sureties. On this judgment, execution issued in November, 1845, and the lots in question were pointed out to the Sheriff by Ogle as his property; and were levied on and sold as such in January, 1846. McCown subsequently purchased and obtained the transfer to himself, of the title conveyed by the Sheriff, by virtue of this sale.

WHEELER, J. The question to be determined is, whether the vendor's lien to secure the purchase money for which the note sued on was given, can be enforced in behalf of Ogle and for his benefit in this action. And we are of opinion that it can-

---

* The statement of the case was prepared by Judge Wheeler, and we presume, from his failure to state the date of the sale to Jones and wife, that it either did not appear, or was not considered material; and we have made the sylabus of the case accordingly. REPS.

not.    After the creation of the lien in behalf of Jones and wife, the lots were pointed out by ·Ogle as his property, and sold to satisfy the judgment recovered against him in 1844.    By this sale, all the title which he then possessed, legal and equitable, passed to and vested in the purchaser.

As between Ogle and McCown, we think it perfectly clear that the lien in question cannot be enforced.    The judgment, therefore, enforcing the lien specifically, by decreeing the sale of the lots must be reversed. ·

Judgment reversed.